UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES M. COFFEY,

    Plaintiff,

v.                                                                                    CASE NO. 6:14-cv-2122-Orl-37KRS

MICHAEL D. CREWS,

    Defendant.
_____/

## ORDER OF DISMISSAL

This cause is before the Court on initial review of Plaintiff's Amended Civil Rights Complaint (the "Amended Complaint") (Doc. 7). Plaintiff, who is a prisoner incarcerated at the Avon Park Correctional Institution and proceeding *pro se*, filed the Amended Complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks to proceed *in forma pauperis* in this action. For the reasons stated herein, the Complaint will be dismissed for failure to state a claim.

### I.  FACTUAL BACKGROUND

Plaintiff has brought this action against Michael D. Crews as Secretary of the Florida Department of Corrections. Plaintiff alleges that, while incarcerated at the Central Florida Reception Center ("CFRC"), he "witnessed an altercation . . . in which weapons were used and [his] safety . . . was jeopardized." (Doc. 7 at 6). Plaintiff told a staff member at CFRC that "he was in fear for his life," and Plaintiff was then placed in administrative confinement. (*Id*.). According to Plaintiff, he was treated "unfairly," and

he mentions that "his food was tainted" and that he received less food than others. (*Id*.). Plaintiff states that he "no longer trusts any D.O.C. staff and continues to live in fear of staff retribution." (*Id*.). He requests to be moved out of the State of Florida or released on parole. (*Id*.).

## II.   LEGAL STANDARD

Plaintiff seeks redress from a governmental entity or employee, and, pursuant to 28 U.S.C. section 1915A(a), the Court is obligated to screen such a prisoner civil rights complaint as soon as practicable. On review, the Court is required to dismiss the complaint (or any portion thereof) under the following circumstances:

> (b) Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B)(i) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious.").[1] Additionally, the Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

---

[1] "A claim is frivolous if it is without arguable merit either in law or in fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005).

### III.   ANALYSIS

The Amended Complaint must be dismissed for failure to state a claim. First, none of the allegations in the Amended Complaint refer to any personal involvement by Crews nor does the Amended Complaint state that Crews had knowledge of these matters. Plaintiff has failed to allege or otherwise indicate any personal action or inaction by Crews whatsoever within the scope of his responsibilities that would make him personally liable for damages under section 1983. Plaintiff simply has failed to demonstrate a sufficient basis on which to hold Crews liable. *See Sanders v. United States*, 760 F.2d 869, 872 (8th Cir. 1985) (dismissal appropriate when none of the allegations refer to personal involvement by the defendant, nor does the complaint state that the defendant had knowledge of the alleged wrongful acts). Any conceivable liability on the part of Crews would be based on the doctrine of *respondeat superior*, which has clearly been rejected as a theory of recovery under section 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1443 (11th Cir. 1985).

Second, Plaintiff requests that he be "moved out of [the] State of Florida or release[d] . . . from incarceration to parole or probation." (Doc. 7 at 6). In seeking his

release from prison, Plaintiff challenges the legality of his present confinement. Claims attacking the legality of a prisoner's confinement must be presented in a petition for writ of habeas corpus, following the exhaustion of state court remedies, not in a section 1983 action. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).

Finally, Plaintiff is no longer incarcerated at CFRC. He presents no allegations demonstrating that his constitutional rights currently are being violated. As a result, it appears that his claims are now moot. Under the circumstances, Plaintiff fails to state a claim for relief under section 1983, and this case is dismissed as frivolous.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED**.

2. Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 8) is **DENIED.**

3. The Clerk of the Court is directed to close this case and to enter judgment accordingly.

**DONE** and **ORDERED** in Orlando, Florida on February 18th, 2015.

ROY B. DALTON JR.
United States District Judge

4

Copies furnished to:
OrlP-2 2/18
Charles M. Coffey

5